IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| CORRIE GILLISPIE, ) <br> ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Civil Action No. 3:21CV452–HEH |

### MEMORANDUM OPINION
(Denying Rule 59(e) Motion)

Corrie Gillispie, a federal prisoner currently incarcerated in FCI Petersburg, was convicted and sentenced in the United States District Court for the Eastern District of Tennessee on September 7, 2018. *See United States v. Gillispie*, No. 1:16CR77–TRM–CHS–1 (E.D. Tenn. Sept. 28, 2018). On July 14, 2021, the Court received from Gillispie a hand–written document titled, "NOTICE THAT PETITIONER IS UNLAWFULLY HELD UNDER VIRGINIA'S JURISDICTION WITHOUT JUSTIFICATION," in which he attacked his convictions and sentences for various human–trafficking offenses from the Eastern District of Tennessee. (ECF No. 1.)

By Memorandum Opinion and Order entered on July 30, 2021, the Court construed Gillispie's submission as an attempt to file a 28 U.S.C. § 2255 motion. (*See* ECF No. 2, at 2.). The Court advised Gillispie that, to the extent that he wished to challenge his convictions or his sentences, he must file a § 2255 motion in the United States District Court for the Eastern District of Tennessee, the court where he was convicted and sentenced. (*Id.* at 1–2.) The Court denied Gillispie's § 2255 motion

without prejudice, denied a certificate of appealability, and dismissed the action. (ECF Nos. 2, 3.)

On August 13, 2021, the Court received another submission from Gillispie entitled, "THE COURT HAS MISTAKENLY MISCONSTRUED THE NOTICE THAT PETITIONER IS UNLAWFULLY HELD UNDER VIRGINIA'S JURISDICTION WITHOUT JUSTIFICATION," in which he complains about various events that appear to have occurred in Georgia and Tennessee leading up to and culminating in his criminal prosecution. (ECF No. 4.) Because Gillispie's submission was received within twenty-eight days after the entry of the July 30, 2021 Memorandum Opinion and Order, the Court will construe this submission as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (filings made within twenty-eight days after the entry of judgment construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing

*Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Gillispie does not cite to any change in the controlling law, or new evidence that was not previously available in support of his Rule 59(e) Motion. Further, Gillispie fails to demonstrate that the Court committed a clear error of law or that relief under Rule 59(e) is necessary to prevent a manifest injustice. Accordingly, Gillispie's Rule 59(e) Motion (ECF No. 4) will be denied.[1] A certificate of appealability will be denied.

An appropriate Order shall issue.

                                                      /s/
                                       Henry E. Hudson
                                       Senior United States District Judge

Date: Jan. 10, 2022
Richmond, Virginia

---

[1] To the extent that Gillispie wishes for the Court to issue arrest warrants for the various law enforcement officers that investigated him and the Assistant United States Attorney that prosecuted him (*see* ECF No. 4, at 7), he fails to identify a procedural vehicle that would authorize this Court to grant him the relief that he requests. More importantly, all of the conduct that Gillispie complains about appears to have occurred in Georgia and Tennessee. To the extent that Gillispie believes that his rights may have been violated, he should address his concerns to the Court where he was convicted. Finally, as the Court has previously advised him, Gillispie is reminded that to the extent he wishes to challenge his underlying convictions or sentence, he must do so by filing a § 2255 Motion in the United States District Court for the Eastern District of Tennessee.